**UNITED STATES of America,**
**Plaintiff,**

v.

**Evelyn MONES, Defendant.**

**No. 70–470–Cr.**

United States District Court,
S. D. Florida,
Miami Division.

Jan. 26, 1972.

Robert W. Rust, U. S. Atty., Miami, Fla., for plaintiff.

Theodore Klein, Miami, Fla., for defendant.

## ORDER DISMISSING INDICTMENT

KING, District Judge.

This cause came on to be heard on the defendant, EVELYN MONES'S Motion to Dismiss Indictment for Failure to Grant a Speedy Trial, and the Court having heard argument of counsel, the Court

thereupon makes the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

1. The alleged offense took place from October 2, 1965 to February 2, 1966.

2. During the year 1968, the defendant, EVELYN MONES, underwent two separate periods of hospitalization during which she received separate series of electrocoma shock therapy.

3. Dr. James L. Anderson, the psychiatrist who treated the defendant, EVELYN MONES, testified that the reason for EVELYN MONES'S hospitalization and shock treatment was for extreme depression relating to her concern over her husband's gambling activities.

4. Dr. Anderson testified without contradiction, and the Court so finds that such shock treatments caused the defendant to suffer a memory loss as to events prior to the time of the shock therapy.

5. On September 11, 1970 a 14 page indictment was returned against the defendant, EVELYN MONES, as well as against several others. The indictment related to gambling transactions allegedly involving the defendant, ALFRED MONES as well as EVELYN MONES, and detailed the transactions with great specificity.

6. The defendant, EVELYN MONES, was not arraigned until November 16, 1971, over 14 months after the return of the indictment.

7. Dr. Anderson further testified that the traumatic event of the defendant, EVELYN MONES'S arrest on the indictment herein detailing all of the events which had precipitated the defendant's hospitalization in 1968 caused the defendant to have an overlay of hysterical amnesia as to the events surrounding and circumscribed by the indictment.

8. Dr. Anderson testified that the combination of the organic amnesia from the 1968 treatment preceding the indictment and the hysterical amnesia precipitated by the indictment which gradually worsened during the 14 month delay between indictment and arraignment was consistent with a finding within reasonable medical certainty that the defendant EVELYN MONES did suffer a memory loss as to the events surrounding the indictment.

9. The defendant, EVELYN MONES, has proffered in her motion without contradiction that she has suffered a memory loss and has no recall whatsoever of the alleged events contained in the indictment.

10. The government has offered no reason for the delay between the offense and the indictment and has proffered that the reason for the delay between indictment and arraignment of the defendant, EVELYN MONES, was because of the fugitive status of the defendant ALFRED MONES.

## CONCLUSIONS OF LAW

The Supreme Court, in Dickey v. Florida, 398 U.S. 30, 90 S.Ct. 1564, 26 L.Ed. 2d 26 (1970) concluded that:

> The evils at which the (speedy trial) rule are directed are readily identified. It is intended to spare an accused those penalties and disabilities —incompatible with the presumption of innocence—that may spring from delay in the criminal process . . . . The speedy trial right is an important safeguard to prevent undue and oppressive incarceration prior to trial.

In United States v. Marion, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971) the Supreme Court stated that the Sixth Amendment speedy trial provision applies when the putative defendant becomes an "accused", either by arrest or indictment. Once a person is formally accused of a crime, then the protections afforded by the Sixth Amendment speedy-trial provisions attach to all subsequent proceedings, see Klopfer v. North Carolina, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967); Smith v. Hooey, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607 (1969). This does

not mean that the defendant is without remedy for pre-accusatory delay which prejudices the defense of her case. The *Marion* Court pointed out that even if the Sixth Amendment affords no relief to a defendant who is actually prejudiced by pre-accusatory delay, there is a basis within the Due Process Clause of the Fifth Amendment upon which a defendant may be able to show a denial of his right to a fair trial on account of prejudice occasioned by the Government's purposeful delay.

In this cause, the Government concedes that ALFRED MONES is the major defendant and that EVELYN MONES, is a minor figure. An indictment was not returned until almost 5 years after the offense, several months before the statute of limitations was due to expire. The Government concedes that it did not place the matter on the calendar for arraignment because it hoped one day to obtain the return of the major defendant ALFRED MONES who is believed to be presently residing in Israel. No evidence was offered by the Government to indicate what efforts have been made, if any, to secure the return of ALFRED MONES. The Court, on its own initiative, thereafter placed the matter on the calendar, and the defendant EVELYN MONES was subsequently arraigned, 14 months after indictment.

■ The defendant, EVELYN MONES, has shown actual prejudice both before and after indictment during the period of prosecutorial delay within the principles enunciated in United States v. Marion, supra. The prejudice has been demonstrated to a sufficient extent without contradiction so as to amount to a denial of due process within the ambit of the Fifth Amendment, and a denial of the right to a speedy trial within the ambit of the Sixth Amendment. The prejudice shown connected with the denial of either of these rights taken alone and independent of the other is legally and factually sufficient to form a basis for the dismissal of the indictment against the de-

fendant EVELYN MONES. Accordingly, it is the finding and Order of this Court that the Indictment herein as it pertains to the defendant EVELYN MONES shall be and is hereby dismissed.